## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| Kemuel Cornelius Mingo, | ) | |
| | ) | C/A No. 9:20-cv-2308-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nanette Barnes, Warden of FCI-Bennettsville, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Kemuel Cornelius Mingo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On September 29, 2020, Respondent filed her return and motion for summary judgment. (ECF Nos. 11; 11-1). Petitioner filed his response in opposition to summary judgment on December 4, 2020. (ECF No. 22). On July 12, 2021, the magistrate judge filed a Report and Recommendation ("Report") recommending that this court dismiss the petition for lack of jurisdiction and terminate Respondent's motion for summary judgment as moot. (ECF No. 30 at 10). Petitioner filed a motion requesting an extension of time to file objections to the Report until August 9, 2021, (ECF No. 32), which the court granted, (ECF No. 33). Despite the extension of time, however, Petitioner has not filed objections to the Report. The extended time for objecting has now expired.

## I. Background/Procedural History

Because the Report summarizes the procedural history and background, (ECF No. 30 at 1–3), the court need not recount it at length. Briefly, Petitioner was convicted by a jury in the United States District Court for the Western District of North Carolina on three charges: possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count one); possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841 (count two); and using and carrying a firearm during and in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1) (count three). *Mingo v. United States*, No. 3:03-cr-14, at 39 (W.D.N.C. Nov. 5, 2003); *United States v. Mingo*, 237 Fed. App'x 860, 861 (4th Cir. 2007). The court sentenced Petitioner to 120 months imprisonment on Count One, 262 months' imprisonment on Count Two to run concurrently with Count One, and 60 months imprisonment on Count Three to run consecutively with Counts One and Two. The court further imposed a three-year term of supervised release as to the felon-in-possession count. *See Mingo*, No. 3:03-cr-14, at doc. 84 (W.D.N.C. Sept. 2, 2005). The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions on direct appeal, *see Mingo*, 237 Fed. App'x at 868, and the United States Supreme Court subsequently declined to issue a writ of certiorari, *see Mingo v. United States*, 552 U.S. 1199 (2008).

In 2009, Petitioner filed his first motion for relief under 28 U.S.C. § 2255, raising various grounds including ineffective assistance of counsel and due process violations. *Mingo v. United States*, No. 3:03-cr-14, 2009 WL 426558, at *4 (W.D.N.C. Feb. 20, 2009). The district court denied Petitioner's § 2255 motion, concluding that Petitioner failed to establish ineffective assistance and finding that the remainder of his claims were procedurally barred. *Id*. at *3–4. Petitioner sought to appeal this denial, but the Fourth Circuit declined to issue a certificate of appealability under 28 U.S.C. § 2253. *See United States v. Mingo*, 332 F. App'x 874 (4th Cir. 2009).

In 2012, Petitioner filed a second motion for relief under § 2255 which was dismissed as a successive petition for which he had not obtained authorization from the Fourth Circuit. *Mingo v.*

2

*United States*, No. 3:03-cr-14-RLV-CH-1, 2013 WL 2370721, at *3 (W.D.N.C. May 30, 2013). The district court also rejected Petitioner's alternative grounds for relief asserted pursuant to § 2241 and seeking writs of *coram nobis* and *audita querela*. *Id*. at *3. Petitioner appealed and the Fourth Circuit declined to issue a certificate of appealability as to the dismissal of Petitioner's second § 2255 motion and, therefore, dismissed that portion of the appeal. *United States v. Mingo*, 708 Fed. App'x 140, 141 (4th Cir. 2018). The Fourth Circuit affirmed the denial of relief as to Petitioner's alternative theories. *Id*. In 2016, the Fourth Circuit denied another motion filed by Petitioner for authorization to file a successive (third) § 2255 in order to challenge his career offender status in light of *Johnson v. United States*, 576 U.S. 591 (2015). *See In re Mingo*, No. 16-9190 (4th Cir. June 20, 2016) (ECF No. 8).

Petitioner then unsuccessfully sought relief via two more § 2241 petitions. First, in 2018, Petitioner filed a § 2241 petition seeking relief from his career offender designation on the basis that his prior drug convictions did not qualify as predicate offenses. *See Mingo v. Bragg*, No. 9:18-cv-1333-TMC, at dkt. entry 1 (D.S.C. May 14, 2018). The court adopted the magistrate judge's recommendation that the Court dismiss Mingo's petition for lack of jurisdiction because he could not meet the savings clause requirements. *Id*. at dkt. entries 25, 30. Then, finally, in 2020, Petitioner filed another § 2241 petition arguing this time that the Bureau of Prisons (BOP) failed to properly calculate his Good Conduct Time (GCT) credit under the First Step Act of 2018. *See Mingo v. Bragg*, No. 9:20-cv-0010-JD, MHC, 2021 WL 327377 (D.S.C. Feb. 1, 2021). Concluding that Petitioner's claim was moot because his GCT credit had been recalculated under the First Step Act and that Petitioner was not entitled to immediate release even in light of the properly calculated GCT, the court dismissed Petitioner's § 2241 petition. *Id*. at *3.

**Petitioner's Present § 2241 Action**

3

Petitioner filed the present § 2241 habeas petition in June 2020. (ECF No. 1). He contends that his felon in possession conviction under § 922(g)(1) should be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the indictment failed to charge the knowledge-of-status element and the jury was erroneously instructed that "[t]he government is not required to prove that the defendant specifically intended to violate the statute prohibiting convicted felons from possessing firearms." (ECF No. 1-1 at 6). Petitioner reads *Rehaif* to mean that he "went to trial for and was convicted of conduct that is simply not a violation of any law of the United States." *Id*. at 9. Additionally, Petitioner argues that his § 841 drug conviction and his § 924(c) using and carrying conviction should be vacated because he would have faced only state charges had he not been charged under § 922(g)(1) as a felon-in-possession. *Id*. at 2, 7–8.

The magistrate judge first considered whether Petitioner could satisfy the requirements of 28 U.S.C. § 2255(e) in order to bring this habeas action under § 2241. In determining that Petitioner could not pass through § 2255(e)'s "savings clause" to assert his *Rehaif* claim in a § 2241 petition, the magistrate judge noted that "Petitioner entered a stipulation at trial that he had a prior felony conviction" and concluded that the stipulation "effectively reliev[ed] the government of its burden to prove [the knowledge-of-status] element." (ECF No. 30 at 7–8). The magistrate judge reasoned that "*Rehaif*'s mandate—that the government must prove the knowledge-of-status element—is irrelevant in Petitioner's case, as the government proved this element via the stipulation." *Id*. at 8. Moreover, the magistrate judge concluded that, even if Petitioner could satisfy the savings clause, he could not establish that the *Rehaif* error "prejudiced him or otherwise had a substantial or injurious effect on the outcome of his case." *Id*. at 9 n.7. Specifically, the magistrate judge determined that Petitioner "cannot credibly argue that he was unaware that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one

4

year" in light of his multiple previous convictions of offenses punishable by a prison term of more than one year. *Id*. Finally, the magistrate judge found that Petitioner raised "no substantive challenge to his Count Two § 841 and Count Three § 924(c) convictions" and that, "[i]n any event, *Rehaif* has no bearing on those convictions." *Id*. at 9 n.6. Accordingly, the magistrate judge recommended that the court dismiss without prejudice the § 2241 petition for lack of jurisdiction and terminate Respondent's motion for summary judgment (ECF No. 11) as moot. (ECF No. 30 at 10).

## II. Legal Standard

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required

to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Since Petitioner filed his petition *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Discussion

#### A. Mootness

On April 26, 2021, prior to the issuance of the Report, Petitioner was released from custody, *see Find an Inmate*, Fed. Bureau of Prisons, http://www.bop.gov/inmateloc (search by number "17776-058") (last visited Aug. 17, 2021), pursuant to an order of the District Court for the Western District of North Carolina granting Petitioner's motion for release pursuant to the First Step Act. *Mingo*, No. 3:03-cr-14, at dkt. entry 122 (W.D.N.C. April 22, 2021). The order reduced Petitioner's term of imprisonment to time served but left the other terms and conditions of the judgment in full force and effect. *Id.*

A habeas petitioner must be in custody at the time he or she commences an action pursuant to § 2241. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); 28 U.S.C. § 2241(c)(3). The release of the petitioner from custody may, therefore, render a § 2241 petition moot. *See, e.g.*, *Wise v.*

*Warden*, No. 1:20-cv-0059, 2020 WL 6371136, at *6 (S.D. W. Va. July 10, 2020). A live controversy still exists, however, when Petitioner's term of supervised release is ongoing. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018). Because Petitioner is still subject to a term of supervised release imposed as a result of a conviction he is challenging, his habeas petition continues to present a live controversy.

### B. Savings Clause

Petitioner cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, which requires him to demonstrate that the relief available under § 2255 is inadequate or ineffective. *See* 28 U.S.C. § 2255(e). However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a § 2255 motion." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (internal quotation marks omitted). Rather, to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a habeas petitioner must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

Significantly, the savings clause is a "jurisdictional provision." *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). Thus, if a petitioner cannot meet one of the *Jones* requirements, then the § 2241 petition "must be dismissed for lack of jurisdiction." *Rice*, 617 F.3d at 807. In this case, Respondent "conceded" that Petitioner *can* satisfy the requirements of the savings clause

7

under *Jones* with respect to his § 922(g)(1) conviction, thereby suggesting the court entertain the merits of Petitioner's *Rehaif* claim under § 2241. (ECF No. 11-1 at 10–11).[1] A federal court, however, cannot exercise subject matter jurisdiction based merely on the legal positions taken by the parties before it. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that because "no action of the parties can confer subject-matter jurisdiction upon a federal court . . . the consent of the parties is irrelevant"). A district court has an independent duty to ensure that jurisdiction is proper and to dismiss a case whenever it appears that subject matter jurisdiction is lacking. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999); *see also Braswell v. Smith*, 952 F.3d 441, 447 (4th Cir. 2020) ("The savings clause requirements are jurisdictional, so we independently examine whether [they are] met." (internal quotation marks, citation, and alteration omitted)).

The magistrate judge disregarded Respondent's concession and concluded that Petitioner failed to satisfy the second prong of the *Jones* test which requires him to establish that subsequent to his direct appeal and first § 2255 motion, "the substantive law changed and made the conduct for which the petitioner was convicted no longer criminal." *In re Jones*, 226 F.3d at 333–34; (ECF No. 30 at 7). Recognizing that *Rehaif* clarified the government's burden of proof under 18 U.S.C. § 922(g)—that it must establish that a defendant knew he possessed a firearm and also knew he had the relevant status when he possessed the firearm—the magistrate judge concluded the

---

[1] Despite this concession, Respondent acknowledged that numerous courts "in this District have determined that § 2241 petitions raising *Rehaif* claims do not meet the second part of the second prong of the *Jones* test." (ECF No. 11-1 at 10 n.8 (collecting cases)). Subsequent to the filing of Respondent's brief in this case, the Fourth Circuit affirmed *Capalbo v. Antonelli*, No. 1:19-cv-1946-TMC, 2020 WL 3496641, at *3–4 (D.S.C. June 29, 2020), *aff'd*, 832 Fed. App'x 229 (4th Cir. Dec. 31, 2020), a case cited by Respondent in which the court determined it lacked jurisdiction under *Jones* to consider a § 2241 *Rehaif* claim despite the government's contrary concession.

government in the instant case "met its burden of proof as to the knowledge-of-status element because Petitioner entered a stipulation at trial that he had a prior felony conviction." (ECF No. 30 at 7–8 (citing *Mingo*, 237 Fed. App'x at 862 ("As a part of its instructions [to the jury] on Count One (felon-in-possession), the court explained that the parties had stipulated that Mingo is a convicted felon."); *Mingo*, No. 3:03-cr-00014-KDB-DSC-1, dkt. entry 34 (stipulation that "Mingo is a convicted felon"))). As a result of this stipulation, the magistrate judge reasoned, "all of the elements that are now required in a § 922(g) conviction post-*Rehaif* were actually presented to the jury at Petitioner's trial, and that jury found beyond a reasonable doubt that Petitioner's conduct supported a conviction under § 922(g)(1)." *Id*. at 8. The magistrate judge concluded, therefore, that "in light of Petitioner's stipulation at trial, Petitioner cannot meet the requirements of the *Jones* test to show the conduct of which he was convicted is no longer criminal." *Id*.

After a thorough review of the Report and the record in this case, the court agrees with the magistrate judge and adopts the Report (ECF No. 30) and incorporates it herein. Accordingly, the court hereby **DISMISSES** Petitioner's § 2241 petition (ECF No. 1) without prejudice for lack of jurisdiction. Respondent's motion for summary judgment is **DENIED as MOOT**. (ECF No. 11).

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 17, 2021